UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

IN RE:

DENNIS E. HECKER,   BANKRUPTCY NO. 09-50779
                    CHAPTER 7
    DEBTOR.

VISIONBANK,

    PLAINTIFF,

VS.   ADVERSARY NO. 09-05037
DENNIS E. HECKER,

    DEFENDANT.

**VISION BANK'S COMBINED OBJECTION AND BRIEF TO DENNIS E. HECKER'S MOTION FOR STAY OF ADVERSARY PROCEEDING UNTIL CONCLUSION OF GRAND JURY PROCEEDINGS AND/OR INDICTMENTS**

Vision Bank files this Objection to the Motion filed by the Debtor, Dennis E. Hecker, to stay this adversary proceeding until the conclusion of grand jury proceedings and/or any indictments the grand jury issues.

In support of its Objection, Vision Bank states:

1. Mr. Hecker filed for Chapter 7 bankruptcy relief on June 4, 2009.

2. Vision Bank timely filed an Adversary Complaint to determine dischargeability of indebtedness owed to it by Mr. Hecker.

3. Similar non-dischargeable Complaints were filed against Mr. Hecker by the following entities:

1

      a.      Chrysler Financial, $68 million;

      b.      U.S. Bank, $11 million;

      c.      Hyundai America, $20 million;

      d.      Cornerstone Bank, $12 million;

      e.      Alliance Bank, $5 million;

      f.      Gelco Corporation, $12 million; and

      g.      Carlson Financial, $8 million.

4.    For the following reasons, this Court should deny the Motion.

5.    While the Fifth Amendment to the Constitution provides that no person shall be compelled in any criminal case to be a witness against himself, the Fifth Amendment does not require a stay of a civil proceeding pending the outcome of criminal proceedings. Fidelity National Title Insurance Company in New York v. National Title Resources Corporation, 980 F.Supp. 1022(d), (Mn. 1997). In this case, the Defendant sought a protective order limiting the scope of his deposition until all related criminal proceedings and investigations involving him had been completed. While the court recognized that a stay of a civil trial until factually related criminal proceedings are concluded is sometimes warranted, a civil defendant cannot seek a blanket invocation of the Fifth Amendment privilege. Id.; Koester v. American Republic Investments, Inc., 11 F.3d 818, 823 (8th Cir. 1993).

6.    To the extent a defendant's Fifth Amendment rights are implicated, a court may consider, when relevant, the following five factors:

2

    a.     The interest of the plaintiff in proceeding expeditiously with the litigation or any particular aspect of it, and the potential prejudice to the plaintiff of a delay;

    b.     The burden which any particular aspect of the proceedings may impose on defendant(s);

    c.     The convenience of the court and the management of the cases and the efficient use of judicial resources;

    d.     Interest of persons not parties to the civil litigation; and

    e.     Interest of the public and pending civil and criminal litigation.

Keading v. Office of Thrift Supervision, 45 F.3d at 824; White v. Mapco Gas Products, Inc., 116 F.R.D. 498, 502 (E.D. Ark. 1987).

7.     Given that an indictment, if any, is not expected until months, at the earliest, and the potential for lengthy appeal should a conviction be returned, there is a strong likelihood a lengthy and indeterminate delay in preparation of the civil trial would surely ensue if this Court granted a stay.

8.     The Fifth Amendment privilege cannot be utilized as both a sword and a shield where affirmative relief is voluntarily sought by a party. Pre-indictment request for stay of civil proceedings are generally denied. U.S.B. Private Sanitation Industry Association, 811 F.Supp. 802, 805 (E.D. N.Y. 1992); see also SEC v. Dresser Industries, Inc., 628 F.2d at 1376.

9.     The Court in Dresser Industries recognized that a case for stay of civil proceeding is a far weaker case when no indictment has been returned. Id..

10. A defendant has no absolute right not to be forced to chose between testifying in a civil matter and asserting his Fifth Amendment privilege. <u>All State Insurance Company v. Alivio Chiropractic Clinic, Inc.</u>, 2008 W.L. 1945157 (D. Minn.).

11. Witnesses relocate, memories fade, and persons allegedly aggrieved are unable to seek vindication or redress if extensions or stays are granted pending the outcome of criminal proceedings. When civil defendants are not subject to any criminal charges at the time of seeking a stay, the inappropriateness of a stay is manifest. <u>Mid-Atlantic Toyota Anti-Trust Litigation Comp.</u>, 92 F.R.D. 358 (D. M.D. 1981).

12. The stay of civil proceedings during the pendency of criminal proceedings is not constitutionally required. It is incidental to the power inherent to any court to control the disposition of the causes on its docket with the economy of time and effort. The delay sought here will be unprecedented in scope not only as to seeking a stay pending completion of any criminal actions which may arise from the grand jury investigation but also a stay pending completion of any criminal proceedings which may be brought at some unspecified future time. <u>MGL Corporation</u>, 262 B.R. 324 (Bkrtcy. E.D. Penn. 2001).

13. For these reasons, this Court should deny the Motion.

Respectfully submitted this _____ day of October, 2009.

McNAIR, LARSON & CARLSON, LTD.

By_____
DAVID L. JOHNSON, ID #3484
51 Broadway, Suite 600
Post Office Box 2189
Fargo, North Dakota 58108
Telephone: (701) 293-9190
Attorneys for Plaintiff, VisionBank

OF COUNSEL:
MICHAEL D. MCNAIR, ID #71304
McNAIR, LARSON & CARLSON, LTD.
51 Broadway, Suite 600
Post Office Box 2189
Fargo, North Dakota 58108
Telephone: (701) 293-9190

G:\26052\Objection to Motion for Stay.wpd

## AFFIDAVIT OF SERVICE

| | | | |
|---|---|---|---|
| STATE OF NORTH DAKOTA | ) | RE: | Dennis E. Hecker |
| | ) SS: | | Bankruptcy No. 09-50779 - Chapter 7 Case |
| COUNTY OF CASS | ) | | Vision Bank vs. Dennis Hecker |
| | | | Adversary No. 09-05037 |

Dorene K. Stelljes, being first duly sworn on oath deposes and says that she is a secretary in the office of McNair, Larson & Carlson, Ltd., Attorneys at Law, Post Office Box 2189, 51 Broadway, Dakota Center, Fargo, North Dakota; that on the 16th day of October, 2009, she served:

- **VISION BANK'S COMBINED OBJECTION AND BRIEF TO DENNIS E. HECKER'S MOTION FOR STAY OF ADVERSARY PROCEEDING UNTIL CONCLUSION OF GRAND JURY PROCEEDINGS AND/OR INDICTMENTS**

on the following:

Dennis E. Hecker
PO Box 1017
Crosslake, MN 56442

Clinton E. Cutler
Attorney at Law
200 South Sixth Street, Ste. 4000
Minneapolis, MN 55402
**(via e-mail - ccutler@fredlaw.com)**

Gordon B. Conn, Jr.
Attorney at Law
6160 Summit Drive, Ste. 560
Minneapolis, MN 55430
**(via e-mail - conn@kwgc-law.com)**

Matthew R. Burton
Attorney at Law
100 S. 5th Street, Ste. 2500
Minneapolis, MN 55402
**(to receive electronically)**

U.S. Trustee
1015 U.S. Courthouse
300 S. 4th Street
Minneapolis, MN 55415
**(to receive electronically)**

Randall L. Seaver, Trustee
12400 Portland Avenue South, Suite 132
Burnsville, MN 55337
**(via e-mail - rlseaver@fullerseaverramette.com)**

William R. Skolnick
Attorney at Law
2100 Rand Tower
527 Market Avenue South
Minneapolis, MN 55402
**(to receive electronically)**

and the envelope with postage prepaid was deposited by her in the United States Mail at Fargo, North Dakota, for delivery by the United States Post Office Department as directed by said envelope.

_____
DORENE K. STELLJES

Subscribed and sworn to before me
this ____ day of October, 2009.

_____
DAVID L. JOHNSON, Notary Public
Cass County, North Dakota

DAVID L. JOHNSON
Notary Public
State of North Dakota
My Commission Expires Mar. 13, 2015

G:\26052\Affidavit of Service (ADV) 2.wpd

2