# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

DENNIS E. HECKER                              Case No. 09-50779-RJK

       Debtor.                                       Chapter 7

_____

VISION BANK,

                                          ADV    Pro. No. 09-05037

       Plaintiff,

vs.

DENNIS E. HECKER,

       Defendant.
_____

## NOTICE OF HEARING AND MOTION FOR
## DISMISSAL OF ADVERSARIAL COMPLAINT
_____

**TO:   Plaintiff Vision Bank and its attorneys David L. Johnson and Michael D. McNair of McNair, Larson & Carlson, Ltd. 51 Broadway, Suite 600, P.O. Box 2189, Fargo, ND 58108**

   1. Defendant Dennis E. Hecker ("Hecker"), by and through his undersigned counsel, moves for the relief requested below and gives notice of hearing.

   2. The Court will hold a hearing on this motion at 2:30 p.m, on December 2, 2009, in Courtroom 8 West, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota before the Honorable Robert J. Kressel.

   3. Any response to this motion must be filed and delivered not later than November 25, 2009, which is three days before the time set for the hearing

1

(excluding Saturdays, Sundays, and holidays), or filed and served by mail not later than November 19, 2009, which is seven days before the time set for the hearing (excluding Saturdays, Sundays, and holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334, Fed. R. Bankr. P. 5005, 7007 and 9013 and Local Rules 7007-1 and 9013-1 *et seq*.

5. This motion arises under 11 U.S.C. §§ 523 and Fed. R. Bankr. P. 7007, 7026, 9013 and Local Rules 7007-1 and 9013-2. This motion is filed under Fed. R. Bankr. P. 7007, 7026, 9013, and 9014 and Local Rules 7007-1 and 9013-1 *et seq*. Defendant Hecker requests the relief specified below.

## **MOTION**

6. Defendant Hecker moves this Court for an Order dismissing the Complaint of Plaintiff for failure to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12 (b)(6). Plaintiff's causes of action fail entirely to comport with the pleading requirements of Fed.R.Civ.P. 9(b), which requires a plaintiff allege with particularity facts constituting the alleged fraud.

7. This Motion is based on the facts and law set forth in Defendant Hecker's Memorandum of Law in Support of the Motion, which is concurrently filed in accordance with Local Rule 9006-1 (b), together with all of the files and proceedings herein.

8. The Court is authorized to grant this relief as an exercise of its express powers found in Fed. R. Bankr. P. 7026 and by applicable federal case law.

Dated: November 12, 2009  **SKOLNICK & SHIFF, P.A.**

/e/ William R. Skolnick
William R. Skolnick #137182
LuAnn M. Petricka #18505X
527 Marquette Avenue South, #2100
Minneapolis, MN 55402
(612) 677-7600
wskolnick@skolnick-shiff.com
petricka@visi.com

**ATTORNEYS FOR DENNIS E. HECKER**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

DENNIS E. HECKER                                      Case No. 09-50779-RJK

    Debtor.                                           Chapter 7

_____

VISIONBANK,
                                                      ADV Pro. No. 09-05037

    Plaintiff,

vs.

DENNIS E. HECKER,

    Defendant.
_____

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS ADVERSARIAL COMPLAINT**
_____

**INTRODUCTION**

"The serious nature of fraud requires a plaintiff to plead more than conclusory allegations of fraudulent conduct."[1] Defendant moves this Court for an Order dismissing the complaint of Plaintiff for failure to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12 (b) (6). Plaintiff's complaint fails as a matter of law to set forth the required particular facts in support of fraud, false pretenses, or other fraudulent / wrongful conduct. The complete lack of detailed and specific factual allegations

---

[1] *In re Perez*, 155 B.R. 844, 849 (E.D. N.Y. 1993) (granting motion to dismiss when plaintiff simply tracked language found in Bankruptcy Code for nondischargeabilty)

1

demonstrates that Plaintiff has no viable causes of action against Defendant based on fraud, and that the complaint must be dismissed.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

The general and conclusory allegations in the complaint are at issue in the pending motion. Therefore, for ease of reference, after setting forth the background allegations that apply to both counts, the legal argument contains the verbatim allegations for the two separate counts alleging nondischargeability based on fraud.

Plaintiff's complaint includes a section captioned "General Allegations." After identifying the parties in paragraphs 2 and 3, the complaint alleges:

 4. Defendant is indebted to the Plaintiff on a revolving lien of credit which was last renewed on February 7, 2008, for $3,000,000.00. This revolving line of credit matured on February 5, 2009.

 5. Defendant is also indebted to the Plaintiff on a single pay Note which originated on March 14, 2009, in the principal amount of $5,000,000.00. This Note was extended from time to time, the last extension being on September 26, 2008, extending the maturity to December 5, 2008.

 6. Plaintiff's loans were made to Defendant principally for business related purposes.

 7. At all times relevant to the subject matter of this action, and specifically in connection with the loans their renewals and extensions, <u>Defendant made various representations and statements relating to his, and his business financial condition, orally and in writing</u>.

See Complaint of Record at ¶¶ 4 –7. [emphasis added]

As with the entirety of Plaintiff's complaint, Plaintiff fails in its general factual background allegations to set forth with any particularity the "representations and statements" it claims were made. The complaint is missing the following non-inclusive material facts in order to allow Defendant to adequately defend himself: a) what exactly were the representations and statements; b) who made each of the claimed

representations and statements; c) how were they made; d) when were they made; e) what was the context in which they were made; and f) how exactly was Plaintiff mislead or defrauded. These missing material facts are especially important when Plaintiff asserts oral and written representations and statements. Plaintiff fails entirely to provide any of these required specific facts in its Complaint.

Plaintiff's complaint falls woefully short of meeting the requisite pleading requirements for fraud, as set forth below.

## LEGAL ARGUMENT

**I.     LEGAL STANDARD ON MOTION TO DISMISS**

As provided for in Fed. R. Civ. P. 12(b) (6), made applicable to bankruptcy proceedings pursuant to Fed. R. Bankr. P. 7012, a party may move to dismiss a cause of action for failure to state a claim upon which relief may be granted. Motions made under Rule 12(b) (6) test only the legal sufficiency of the claims. *Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981). When deciding such motions, factual allegations in the Complaint are accepted as true, and the Court must draw all assumptions and make all inferences in favor of the non-moving party. *Crumpley-Patterson v. Trinity Lutheran Hosp*, 388 F.3d 588, 590 (8th Cir.2004).

> The issue on a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is not whether a plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence in support of his, her, or its claims.
> \*     \*     \*
> The court is mindful that, in treating the factual allegations of a complaint as true pursuant to Rule 12(b)(6), the court must 'reject conclusory allegations of law and unwarranted inferences.". .Conclusory allegations need not and will not be taken as true; rather, the court will consider whether the *facts* alleged in the plaintiff's complaint, accepted as true, are sufficient to state a claim upon which relief can be granted. (emphasis in original)
> \*     \*     \*

3

*Weimer v. Intern'l Flavors & Fragrances, Inc.*, 240 F.R.D. 431, 435 (N.D. Iowa 2007) (granting motion to dismiss for failure to satisfy particularity requirement of fraud pleading) (citing *Scheuer v. Rhodes*, 416 U.S. 232 (1974); *United States v. Aceto Agric. Chem. Corp.*, 872 F.2d 1373, 1376 (8th Cir. 1989) and quoting *Silver v. H & R Block, Inc.* 105 F.3d 394, 397 (8th Cir. 1997)); see also *Am. Express Travel Related Serv. Co. v. Henein*, 267 B. R. 702, 705 (E.D. N.Y. 2001) (citing *Scheuer v. Rhodes*, supra).

The Court cannot consider matters outside the complaint when deciding a motion to dismiss. *In re Marceca*, 127 B.R. 328, 330 (S.D. N.Y. 1991).

## II.   PLAINTIFF'S FRAUD CLAIMS MUST BE DISMISSED.

Fraud must be pled with particularity. Fed. R. Civ. P. 9(b) ("[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake.") "To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *United States v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006); see also *In re Perez*, 155 B.R. 844, 849 (E.D. N.Y. 1993) (granting motion to dismiss when allegations simply tracked language found in Bankruptcy Code provisions for nondischargeability).

The Bankruptcy Court has recognized that the main goals satisfied by Rule 9(b) include:  1) providing a defendant fair notice of plaintiff's claim, to enable preparation of a defense; 2) protecting a defendant from harm to his reputation or goodwill; and 3) reducing the number of strike suits. See *In re Perez* at 849 (citations omitted).   The stringent requirements are also designed to prevent long and drawn out discovery in

anticipation of uncovering substantive, incriminating facts. Id. at 850. "Plaintiffs may not use the federal discovery procedures to merely flush out fraudulent statements or acts." *In re Rosen*, 132 B.R. 679, 682 (E.D. N.Y. 1991) (Court held that nondischargeability complaint failed to allege fraud with sufficient particularity).

As the Court recognized, "[t]he serious nature of fraud requires a 'plaintiff to plead more than conclusory allegations of fraudulent conduct." See *In re Perez* at 849. Essentially, a plaintiff's complaint must identify the who, what, where, when, and how of the alleged fraud. Id.

When the Plaintiff's fraud allegations are based on information and belief, however, "the complaint must set forth the source of the information and the reasons for the belief." *Bray Int'l, Inc. v. Collings*, Civ. No. 05-1618 (PAM/AJB), 2006 WL 1751892, at *2 (D. Minn. June 23, 2006) (quoting *Parnes v. Gateway 2000*, 122 F.3d 539, 550 (8th Cir. 1997)). "Mere suspicions that a fraud may have occurred are not sufficient." *Brickman v. Tyco Toys, Inc*., 722 F.Supp. 1054, 1060 (S.D. N.Y. 1989)

It is also important to note that Minnesota courts have established a "high threshold of proof for a fraud claim." *Evertz v. Aspen Med. Group*, 169 F. Supp. 2d 1027, 1030 (D. Minn. 2001) (quoting *Martens v. Minn. Mining & Mfg. Co.*, N.W.2d 732, 747 (Minn. 2000)). Thus, to state a claim for misrepresentation or fraud in Minnesota, a plaintiff must allege the following:

> …a false representation of past or present material fact that is susceptible to knowledge; the representor knew the fact was false or asserted it as her own knowledge without knowing whether it was true or false; the representor intended that the plaintiff act on the statement; the plaintiff, in fact, acted in justifiable reliance on the statement; the plaintiff suffered damage; and the statement was the proximate cause of this damage.

*Piekarske v. Home Owners Savings Bank, F.S.B.*, 956 F.2d 1484, 1493 (8th Cir. 1992).
Failure to allege an element is fatal to a plaintiff's claim. Fed. R. Civ. P. 9(b); <u>see</u> also *In re Perez*, 155 B.R. at 848.

Both of Plaintiff's claims fail as a matter of law as Plaintiff fails to satisfy the heightened pleading requirements of claims for fraud and fraudulent conduct.

    A. **Plaintiff's Count One - 11 U.S.C. § 523(a)(2)(A) must be dismissed for failure to plead fraud with the requisite particularity.**

Plaintiff's first count is based entirely on obtaining credit through the use of false pretenses, false representations and/or actual fraud, which contains the following verbatim conclusory and general allegations:

8. Defendant obtained money, property, services, or an extension, renewal, or refinancing of credit, by false pretenses, false representations or actual fraud (other than a statement about the debtor's or an insider's financial condition) within the meaning of 11 U.S.C. § 523(a)(2)(A).

9. Prior to making the subject loans to Defendant and renewing and/or extending them, Plaintiff made inquiry into Defendant's business operations and related matters.

10. Defendant induced Plaintiff to enter into the lending relationships upon various representations, statements, which included concealment of material facts.

11. <u>On information and belief</u>, during the same time frame that Defendant was representing his business status to Plaintiff, as being current, Defendant had essentially stopped making payments of principal and interest required by loan agreements with other lenders and was, in reality, out of trust of floor plan lenders(s) for significant amounts.

12. As a direct result of Defendant's positive assertions, in a manner not warranted by information available to him, and /or suppression of material facts, Plaintiff has suffered damages of $7,122,744.25, the full amount outstanding of subject loans.

13. Defendant obtained the subject loans and/or renewed and extended them under false pretenses, false representations, and/or actual fraud as defined

>under N.D.C.C. § 9-03-08, thereby damaging Plaintiff for the full amount of the unpaid indebtedness.

See Complaint of Record at ¶¶ 8-12 [emphasis added].

The requisite particularity to allege fraud and fraudulent conduct is missing. Paragraphs 8, 9, 10, 12 and 13 are nothing more than restatements of the Bankruptcy Code provisions for the denial of discharge. Whereas, Paragraph 11, begins with "[o]n information and belief….. followed by additional vague statements and assumptions. The source of the information and basis for the belief are missing. Nowhere does Plaintiff provide the following necessary and critical facts so that Defendant can adequately defend himself:

a) What exactly is the conduct complained of? (the exact statements and representations);

b) Who made the statements and representations?;

c) How were the statements and representations made?;

d) When exactly were the statements and representations made? (Plaintiff had a long relationship consisting of several renewed loans with several renewals automatically done by the Plaintiff);

e) What "positive assertions" are Plaintiff referring to in paragraph 12?;

f) What exactly were the statements and representations that somehow induced Plaintiff to enter into the lending relationships[2] ?; and

---

[2] Based on the General Allegations and paragraph 12, it is admitted that Defendant made no less than a $1,000,000.00 pay down on the debt together with accrued interest, thereby evidencing good faith in the repayment of amounts when possible. Thus, the mere existence of extensions of credit, without more, as presently alleged is legally insufficient.

7

g) How exactly was Plaintiff "induced" or defrauded to renew and/or extend loans?

These are just the minimal missing facts that would be necessary in order for Defendant to adequately defend himself against such serious allegations. Defendant should not be forced to guess what Plaintiff did or did not rely upon when alleging fraud in order to prevent discharge of its debt.

### B. **Plaintiff's Count Two - 11 U.S.C. § 523(a)(2)(B) must be dismissed for failure to plead fraud with the requisite particularity.**

Plaintiff's second count based on obtaining extensions of credit by use of a statement in writing that was materially false respecting Defendant's financial condition, contains only the following verbatim legal and factual conclusions and general allegations:

> 14. Defendant obtained money, property, services, or an extension, renewal, or refinancing of credit from Plaintiff by use of a statement in writing that was materially false, respecting his financial condition, on which Plaintiff reasonably relied and Defendant caused to be made or published with intent to deceive, all within the contemplation of 11 U.S.C. § 523(a)(2)(B).
>
> 15. Defendant provided financial statements to Plaintiff to induce Plaintiff to enter into the loans, and to renew and extend them, which were false, fraudulent and misleading.
>
> 16. Defendant knew the personal financial statements provided were false and misleading.
>
> 17. Defendant represented his business current and had surplus inventory at a time when Defendant was not current with said floor plan lender(s) and did not have reported inventory levels and Defendant significantly understated his contingent business liabilities.
>
> 18. Plaintiff's [sic] reasonably relied upon the financial statements provided by Defendant to its detriment.
>
> 19. As a result, Plaintiff has suffered damages of $7,122,744.26, the full amount outstanding on the subject loans.

See Complaint of Record at ¶¶ 14-19.

Again, as with the first count, Plaintiff failed entirely to allege the requisite specific facts in support of its claim of fraudulent conduct. Missing are the identity of the who, what, where, when and how of the alleged fraud together with other critical facts. Instead, all Defendant has to review are factual and legal conclusions Plaintiff claims to be facts. Paragraphs 14, 15, 16 and 18 are merely allegations tracking the Bankruptcy Code provisions, which represent legal conclusions. Paragraph 17 generally refers to "business" being current when Defendant owned several ongoing businesses and refers to "surplus inventory" generally. Also, Plaintiff admits to being aware of contingent business liabilities, but does not state how or when it was defrauded, if at all.

The Court must reject conclusory allegations of law and the unwarranted inferences found in Plaintiff's complaint. Plaintiff cannot interpose general allegations in the hopes of later uncovering through discovery actual facts in support of its claims of fraud against Defendant. There are simply no *facts* found in Plaintiff's complaint that set forth with the requisite particularity fraud against Defendant individually.

## **CONCLUSION**

Based on the foregoing, Plaintiff's complaint must be dismissed for failure to set forth with the requisite particularity claims based on fraud. Plaintiff's serious allegations of fraud against Defendant fail as a matter of law.

Respectfully submitted,

Dated: November 12, 2009 **SKOLNICK & SHIFF, P.A.**

/e/ William R. Skolnick
William R. Skolnick #137182
LuAnn M. Petricka #18505X
527 Marquette Avenue South, #2100
Minneapolis, MN 55402
(612) 677-7600
wskolnick@skolnick-shiff.com
petricka@visi.com

**ATTORNEYS FOR DENNIS E. HECKER**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In Re: ) | |
| ) | **Bankruptcy Case No: 09-50779-RJK** |
| **DENNIS E. HECKER,** ) | |
| ) | **Chapter 7** |
| Debtor. ) | |
| ) | |
| ) | |
| **VISION BANK,** ) | **Adversary Proceeding No.: 09-05037** |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **DENNIS E. HECKER,** ) | |
| ) | |
| Defendant ) | |

**ORDER ON DEFENDANT'S MOTION TO DISMISS**
___

This matter came before the Court for hearing on December 2, 2009 upon Defendant's Motion for an Order to Dismiss Adversarial Complaint. William R. Skolnick appeared for Defendant. David L. Johnson appeared for Plaintiff. Based on the parties' submissions, as well as the oral arguments of counsel,

**IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss is GRANTED.

Dated: December ___, 2009

                                                                                              _____
                                                                                              The Honorable Robert J. Kressel
                                                                                              Chief Judge
                                                                                              United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker                                              BKY No. 09-50779 RJK

                 Debtor.

Vision Bank,

                 Plaintiff,

                                                        Adversary No. 09-05037

v.

Dennis E. Hecker,

                 Defendant.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 12, 2009, I caused the following:

**NOTICE OF HEARING AND MOTION FOR DISMISSAL OF ADVERSARIALCOMPLAINT**

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS ADVERSARIAL COMPLAINT**

**PROPOSED ORDER ON DEFENDANT'S MOTION TO DISMISS**

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following listed below:

| | |
|---|---|
| US Trustee | ustpregion12.mn.ecf@usdoj.gov |
| Clinton E. Cutler | ccutler@fredlaw.com, mdavis@fredlaw.com |
| Randall L. Seaver | rlseaver@fullerseaverramette.com, rseaver@ecf.epiqsystems.com |
| Matthew R. Burton | mburton@losgs.com |
| David L. Johnson | david.johnson@mlcfargolaw.com |
| Gordon B. Conn, Jr. | conn@kwgc-law.com |

Dated: November 12, 2009                **SKOLNICK & SHIFF, P.A.**

/e/ William R. Skolnick
William R. Skolnick #137182
LuAnn M. Petricka #18505X
2100 Rand Tower
527 Marquette Avenue South
Minneapolis, MN 55402
(612) 677-7600
wskolnick@skolnick-shiff.com
**ATTORNEY FOR DENNIS E. HECKER**